**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MARITZA PUBILL-RIVERA

    Plaintiff

       v.                             CIVIL NO. 97-2815 (JAG)

JOSE O. CURET, et. al.

    Defendants

---

## REPORT AND RECOMMENDATION

On January 23, 2003, the undersigned held an evidentiary hearing to determine the amount of damages to be imposed upon defaulting defendants, Drs. Amaury Hernández and Nilma Rosado Villanueva. At the hearing, plaintiff Maritza Pubil testified as to her personal damages, as well as her deceased son's condition. The Court finds her testimony to be both entirely sincere and credible.

In essence, the plaintiff alleges in the Fourth Amended Complaint (Docket No. 104) that Dr. Hernández, who worked at the Department of Corrections, acted negligently and/or with deliberate indifference to the deceased's medical needs, hence amounting to cruel and unusual punishment in violation of Article 8 of the U.S. Constitution and Article 1802 of the Puerto Rico Civil Code. Plaintiff further alleges that Dr. Nilma Rosado, a doctor at the state hospital where the deceased was transferred to, curtailed the patient's opportunity of survival by not providing adequate care and also acting with deliberate indifference.

Because default judgment has been entered against Drs. Hernández and Rosado, each of plaintiff's allegations against them must be taken as true and each claim must be considered as established as a matter of law. _See_ In Re the Home Restaurants, Inc., 285 F. 3d 111, 114 (1st Cir. 2002). The Court, in its Opinion and Order of January 9, 2003 (Docket No. 173), _see_ 2003 WL 141991, held that the Complaint's allegations failed to state a claim under the Eight Amendment. Plaintiff's state law tort claims against defendants, however, survive.

The Court in this case, in the exercise of its supplemental jurisdiction, thus, deems it just and proper to award damages based on plaintiff's Article 1802 cause of action.





**CIVIL NO. 97-2815 (JAG)**                    2

The Court in this case estimates damages as follows:

1.    Defendants are jointly and severally liable to the deceased (represented by his mother in this action) for damages based on his pain and suffering in the amount of $100,000.00.

2.    Defendants are also liable to plaintiff herself in the amount of $150,000.00 for damages caused by the death of her son.

3.    Plaintiff is also entitled to reasonable attorney fees and costs.

The plaintiff shall have until **Tuesday, January 28, 2003** to object to this Report and Recommendation.    The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. See Local Rule 510.2. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d, 22, 30-31 (1st Cir. 1992); Patterson-Leitch v. Massachusetts Elec., 840 F. 2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F. 2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 720 F. 2d 13, 14 (1st Cir. 1983).

**SO RECOMMENDED**.

In San Juan, Puerto Rico, this 23rd day of January, 2003.

_V.S.M.J._

GUSTAVO A. GELPI
United States Magistrate-Judge