

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARITZA PUBILL RIVERA
    Plaintiff(s)

v.                                                      CIVIL NO.   97-2815(JAG)

ZOE LABOY ET ALS
    Defendant(s)

| MOTION | ORDER |
|---|---|
| **Date Filed:** 2/18/2003<br>**Title:** Motion requesting Attorney Fees<br>**Docket(s):**182<br><br>X Plaintiffs   ☐ Third Party<br>☐ Defendant(s)   ☐ Other | Plaintiff seeks an award of $30,100.00 in attorneys fees against co-defendants Amaury Hernandez and Nilma Rosado-Villlanueva. Plaintiff filed an action pursuant to 42 U.S.C. §1983, alleging that defendants, several administrators in the Corrections Administration and the Department of Health, as well as various doctors at the Bayamón Regional Hospital and the Correctional Complex of Bayamón, violated her son's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's complaint was dismissed for failure to state a claim as to all co-defendants (Docket No. 15, 36, 140,173) with the exception of Hernandez and Rosado-Villanueva against whom the court entered default (Docket No. 74, 80, 131).<br>In support of her motion, plaintiff has filed a detailed itemized statement detailing the time spent in each motion or task related to the case.<br>    The Attorneys Fees Award Act provides that "in any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title..the court, in its discretion, may allow the prevailing party... a reasonable attorney's fees as pat of the costs." 42 U.S.C. §1988.  A prevailing party is one who succeeds on any significant issue n the litigation who achieves some benefit to the plaintiff. Because, Pubill obtained a default judgment against the two defaulting defendants, she is a prevailing party for purposes of 42 U.S.C. §1988. |



Notwithstanding, the amount of attorneys fees received should be solely based on the work performed on the issues on which plaintiff was successful. Miles v. Sampson, 675 F.2d 5, 8 (1st Cir. 1982) *citing* Nadeau v. Heglemoe, 581 F.2d 275, 279 (1st Cir. 1978). Hence, Pubill is entitled to remuneration for time devoted to the issues on which he prevailed, i.e, those pertaining to the default of co-defendants Hernandez and Rosado. See also Hensley v. Eckerhart, 461 U.S. 424 (1983) (stating hat the primary criterion in determining the reasonableness of a fee award is the degree of success obtained)

Upon review of Pubill's itemized statement, the Court finds that the majority of the task engaged in were geared toward the claims upon which plaintiff did not prevail. The issues in which Pubill eventually prevailed, those related to the defaulting defendants, are limited to the filing of the complaint, the filing and review of motions for the entry of default and the hearing on damages (identified by Docket No. in Plaintiff's statement as 1, 73, 74, 80, 104, 125, 126, 127, 175, 176, 177, 179). These amount to approximately twelve hours of work. **Accordingly, the Court will award plaintiff $1,800.00 in attorneys fees** (attorneys fees taxed at $150.00 per hour).

**Date:** August 29, 2003

JAY A. GARCIA-GREGORY
U.S. District Judge