IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARITZA PUBILL RIVERA
Plaintiff

CIVIL NO. 97-2815 (JAG)

v.

Taxation of Costs

ZOE LABOY, ET AL
Defendants

## TAXATION OF COSTS

On May 31, 2003, a partial judgment was entered dismissing the claims filed against co-defendants Dr. José A. Madera and Dr. José C. Curet (Docket No. 141). A judgment was entered on January 30, 2003, in favor of plaintiff and against co-defendants Dr. Amaury Hernández and Dr. Nilma Rosado Villanueva (Docket No. 180). Accordingly, plaintiff moved for the taxation of costs against co-defendants Dr. Amaury Hernández and Dr. Nilma Rosado Villanueva (Docket No. 183), and co-defendants Dr. José A. Madera and Dr. José C. Curet requested the taxation of costs against plaintiff (Docket No. 184). On February 28, 2003, plaintiff opposed to co-defendants bill of costs (Docket No. 185).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;




Civil No. 97-2815 (JAG)                                                                 Page -2-

  (5) Docket fees under section 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bills of costs, plaintiff's opposition and the record, makes the following determinations.

### A. Plaintiff's Bill of Costs

Plaintiff seeks recovery of $150.00 for fees paid to the clerk and $148.00 for service of summons and subpoena.

Fees of the Clerk. Plaintiff seeks recovery of the $150.00 filing fee. Taxation of the clerk's fees as costs is specifically allowed by 28 U.S.C. § 1920 (1). Therefore, recovery of the $150.00 claimed for fees paid to the Clerk of Court is allowed.

Fees for Service of Summons and Subpoena. Plaintiff seeks recovery of $148.00 expended for service of summons and/or subpoena. Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age. It is the policy of the Office of the Clerk that service of process fees are taxable. However, plaintiff failed to document and substantiate this expense.

Civil No. 97-2815 (JAG)                                                                                  Page -3-

Thus, recovery of the amount claimed for service of summons and subpoena is disallowed without prejudice.

### B. Co-defendants' Bill of Costs

Co-defendants Dr. José A. Madera and Dr. José C. Curet (hereinafter referred to as "co-defendants") seek recovery of $506.00 for fees of the court reporter.

<u>Fees of the Court Reporter.</u>  Co-defendants seek recovery of $506.00 related to the taking of plaintiff's deposition. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." <u>Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority</u>, 193 F.R.D. 26, 38 (D.P.R. 2000), citing <u>Templeman v. Chris Craft Corp.</u>, 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, <u>Chris Craft Corp.</u>, 770 F.2d at 249; <u>United States v. Davis</u>, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); <u>Donnelly v. Rhode Island Board of Governors for Higher Education</u>, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it... This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. <u>Puerto Rico Ports Authority</u>, 193 F.R.D. at 38 (quotations and citations omitted).

In her opposition plaintiff argued that the deposition was not introduced in evidence

Civil No. 97-2815 (JAG) Page -4-

or used at trial. The record shows that plaintiff's deposition was not included in co-defendants' successful motion to dismiss. Co-defendants also failed to show how said deposition seemed reasonably necessary at the time it was taken. Thus, this expense is disallowed without prejudice.

WHEREFORE, a total amount of $150.00 is taxed as costs to plaintiff. Yet, due to co-defendants' failure to place this Court in a position to assess their claim, the bill of costs filed by said party is denied in its entirety. Plaintiff and co-defendants shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 9th day of December, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk