IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARITZA PUBILL-RIVERA<br><br>**Plaintiff**<br><br>v.<br><br>JOSE O. CURET, <u>et al.,</u><br><br>**Defendant(s)** | **CIVIL NO**. 97-2815 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Plaintiff Maritza Pubill-Rivera's Motion for Execution of Judgment ("Plaintiff"). (Docket No. 189). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Execution Judgment (Docket No. 189) and **GRANTS** Dr. Nilma Rosado-Villanueva's ("Rosado") Motion for Relief from Judgment (Docket No. 195).

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 26, 2001, Plaintiff filed a complaint against Rosado, and other co-Defendants, pursuant to the 8th Amendment of the U.S. Constitution in relation to the medical treatment provided to her deceased son, Amaury Seise-Pubill ("Seise-Pubill"), a prison inmate. (Docket No. 104). Plaintiff further asserted supplemental state law claims pursuant to 1802 and 1803 of the Puerto Rico Civil

Civil 97-2815 (JAG)                                                                 2

Code. On October 22, 2001, the Clerk of the Court entered Default against Jellytza Maldonado-Rondon ("Maldonado") and Rosado. (Docket No. 126). Both Rosado and Maldonado were medical residents at the Bayamon Regional University Hospital where Plaintiff's son was treated. On April 12, 2002, this Court set aside Maldonado's Default and set a deadline for her to answer the complaint. (Docket No. 137). On January 10, 2003, this Court dismissed all federal claims against Maldonado for Plaintiff's failure to establish that co-Defendants acted with deliberate indifference to trigger a constitutional violation. (Docket No. 173). Nevertheless, this Court did not address Maldonado's state law claims. On January 22, 2003, this Court referred to Magistrate Judge Gelpi for a default damages hearing against co-Defendants Rosado and Dr. Amaury Hernandez. After holding the evidentiary hearing, the Magistrate Judge, recommended that this Court find Maldonado and Hernandez liable for $150,000 in damages based on Plaintiff's remaining Article 1802 state law cause of action. (Docket No. 175). Consequently, this Court entered Default Judgment on January 30, 2003, against Maldonado and Hernandez jointly and severally liable in the amount of $100,000 for pain and suffering and $150,000 for her own damages caused by the death of her son. (Docket No. 180). Thereafter, this Court entered a Judgment Nunc Pro Tunc, pursuant to the Opinion and Order of January 10, 2003, and dismissed Plaintiff's claims with prejudice.

Civil 97-2815 (JAG)                                                3

On September 24, 2008, Plaintiff filed the present Motion for Execution of Judgment, seeking this Court's authorization to move forward with proceedings in execution of judgment. (Docket No. 189). On October 3, 2008, the Puerto Rico Department of Justice made a special appearance to inform this Court that it was evaluating its position as to Rosado's legal representation in relation to Law 9.[1] (Docket No. 191). Thereafter, on October 30, 2008, Rosado filed a "Response in Opposition to Motion requesting permission to proceed in aid of execution of judgment and Motion requesting relief from judgment under Rule 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure." (Docket No. 195). Plaintiff replied to Rosado's Motion and Rosado sur-replied. (Docket Nos. 196, 198). Consequently, this Court entered a Memorandum and Order holding in abeyance Plaintiff's Motion for Execution of Judgment, until the parties provided the Court with more information as to the terms of Rosado's employment with the Commonwealth of Puerto Rico at the time of the alleged events. Both parties filed the required memoranda. (Docket Nos. 216, 219).

---

[1] Under Law 9, the Commonwealth of Puerto Rico may provide legal representation and pay a judgment issued against a public officer sued for civil rights violations due to "acts or omissions committed in good faith in the course of his [or her] employment and within the scope of his [or her] functions. 32 P.R. Laws. Ann § 3085.

Civil 97-2815 (JAG)                                                         4

## ANALYSIS

In its Motion, Plaintiff seeks execution of this Court's judgment in accordance with Fed. R. Civ. P. 69.[2] On the other hand, Rosado responds with a Motion requesting relief from judgment under Rule 60(b)(4) and 60(b)(5). Rule 60(b) states that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(4) the judgment is void...;or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)-(6).

Rosado asserts that this Court should vacate the judgment against her and default should be set aside. First, Plaintiff argues that the judgment is void because: 1) there was no cause of action; 2) the Eleventh Amendment immunity prevented any claim against her; and 3) that this Court lacked Subject Matter Jurisdiction. Nevertheless, this Court shall concentrate its examination on whether Rosado should have been immune from suit.

Under Puerto Rico state law doctors who work for the commonwealth or one of its instrumentalities are shielded from liability for medical malpractice if the alleged action occurred during the performance of their duties. P.R. Laws Ann. Tit. 26, §

---

[2] A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution, and in proceedings supplementary to and in aid of judgment of execution, must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies. Fed. R. Civ. P. 69(a).

Civil 97-2815 (JAG)                                                    5

4105, a provision of Act No. 74 of 1976, otherwise known as the Medico-Hospital Professional Liability Insurance Act ("MHPLIA"). Section 4105 was "enacted to alleviate the severe malpractice insurance crisis facing Puerto Rico." Nieves ex rel. Nieves v. University of P.R., 7 F.3d 270, 279 (1st Cir. 1993). Section 4105 provides that:

> No health service professional may be included as a defendant in a civil suit for damages due to malpractice caused in performance of his profession while said health service professional acts in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and municipalities.

26 L.P.R.A. §4105.

Under Flores Roman, a person must meet three requirements to acquire immunity under § 4105: "1) he must be a health care professional; 2) the harm caused by his malpractice must have taken place in the practice of his profession; and 3) he must have acted in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and municipalities." Colon v. Ramirez, 913 F. Supp. 112, 119 (D.P.R. 1996)(citing Flores Roman v. Ramos Gonzalez, 127 D.P.R. 601 (1990)).

The first two elements are met because Rosado was a medical resident, thus a health care provider, and since Plaintiff argues that Rosado allegedly failed to provide proper medical attention to her son, she must have been acting as a physician.  However,

Civil 97-2815 (JAG)                                                      6

Plaintiff argues that Rosado does not meet the third requirement of the test because she was not a government employee, but rather, an independent contractor at the time of her son's death. Therefore, this Court must examine what was Rosado's professional relationship with the Commonwealth of Puerto Rico ("Commonwealth") at the time of the alleged events.

In order to determine whether a physician claiming Section 4105 immunity is an "independent contractor," or merely a Commonwealth "employee," the court "must consider the totality of the circumstances, focusing principally on the level of control contractually reserved to the governmental entity over the physician's provision of patient services." Nieves, 7 F.3d at 279 (citing Flores Roman, 127 D.P.R. at 601. The First Circuit has stated that some of the relevant indicia of "independent contractor" status may include evidence that the physician:

> (1) earned compensation on a per-patient basis, rather than a flat salary; (2) received no fringe benefits of a type given to the principal's employees (e.g., vacation or sick leave, pension benefits, tax withholding); (3) personally owned, invested in, or paid for the medical equipment and supplies used to treat patients, or the facilities which formed the situs of that treatment, or personally hired and supervised her own administrative or subsidiary medical personnel; (4) held and paid for her own medical malpractice insurance policy; or (5) exercised final judgment as to the appropriate medical treatment to render to patients.

Nieves, 7 F.3d at 279.

In the present case, Rosado was a third year medical resident with the Bayamon Regional University Hospital. After reviewing

Civil 97-2815 (JAG)                                                        7

Rosado's contract with the Commonwealth of Puerto Rico, it is clear that she was an 'employee' and not merely an 'independent contractor'. First, it is stated in the contract that Rosado was to get paid a salary of $750.00 per month (among other sums for food, lodging and books), and not on a per patient basis. Next, Rosado received numerous 'fringe benefits' such as sick leave, maternity leave, and many others included in a section of the contract appropriately titled "fringe benefits." Third, the contract makes no mention that Rosado was to use her own medical equipment when treating the patients, thus this Court assumes that she used hospital equipment. Furthermore, nowhere in the contract does it state that Rosado had to get her own professional liability insurance. Finally, it is clearly stated that Rosado's position was one of training, whose assessments were supervised by the medical faculty of the Hospital. As the First Circuit has stated "the mere existence of a residency contract between UPR and the Hospital, together with UPR's payment of the physicians' salaries, indicates that UPR exercised ultimate "control" over the conditions under which the doctors were to provide medical services at the Hospital."  Id. at 280.  Ultimately, based on the examination above, this Court concludes that Rosado was in fact an employee of the Commonwealth, and not merely an independent contractor. Therefore, the third requirement of the test under Section 4105 is met because she was acting as an employee of the government during

Civil 97-2815 (JAG)                                                  8

the time alleged by Plaintiff in her complaint.  In conclusion, Rosado meets all the necessary requirements under Section 4105, thus she was immune from suit at the time this action began.

## CONCLUSION

For the reasons stated above, this Court hereby finds that the judgment entered against Rosado is void and is therefore vacated under Rule 60(b)(4). Consequently, Plaintiff's Motion for Execution of Judgment is **DENIED** and Rosado's Motion for Relief from Judgment is **GRANTED**.  Plaintiff's state law claims against Rosado are hereby dismissed without prejudice.  Furthermore, this Court this opportunity to dismiss all pending state law claims that were not addressed in the previous opinions inasmuch all federal claims have been dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of June 2010.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

.

Civil 97-2815 (JAG)                                                        9